IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                      **CAUSE NO. 1:13-CR-21-LG-JCG-1**

**FELIX ORNELES ACOSTA**

### ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the [92] Motion for Compassionate Release filed by the defendant, Felix Orneles Acosta. The basis for Acosta's Motion is the ongoing COVID-19 pandemic. He claims that he is at high-risk of becoming seriously ill if he were to contract COVID-19. The Government opposes Acosta's Motion, arguing that Acosta has failed to exhaust his administrative remedies.

A district court may reduce a defendant's term of imprisonment after (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). In the Fifth Circuit's decision of *United States v. Franco*, the court determined that the exhaustion requirement "is a paradigmatic mandatory claims-processing rule." 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, No. 20-5997, 2020 WL 7132458 (U.S. Dec. 7, 2020). Because the rule is mandatory but nonjurisdictional, the Court "*must* enforce the rule" if "the government properly raise[s]" it. *Franco*, 973 F.3d at 468 (quoting *Pierre-Paul v. Barr*, 930 F.3d 684, 692 (5th Cir. 2019)) (emphasis in original). Here, the Government clearly raised the issue in its response to Acosta's Motion. Acosta

admits that he pursued his administrative remedy through the Bureau of Prisons, which was denied within thirty days of receipt by the warden. (*See* Def.'s Reply, at 2, 4, ECF No. 100). The Court notes that Acosta has failed to submit evidence of the request except a printout of the "Administrative Remedy Generalized Retrieval," which the Court finds inconclusive. (*See* Def.'s Mot., Ex. 2, ECF No. 100-2). Nor has he provided a sworn declaration attesting that he submitted a request to the warden. *See, e.g.*, *United States v. Kennedy*, No. 1:18-cr-154, 2020 WL 3316993, at *2 (S.D. Miss. June 18, 2020). In any event, the Court is without authority to waive enforcement of the rule. Under these circumstances, the Court cannot disturb his sentence until he has satisfied one of the two exhaustion avenues listed above.[1]

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [92] Motion for Compassionate Release filed by the defendant, Felix Orneles Acosta, is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the 7th day of January, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Acosta also claims that since more than thirty days have passed since the warden's alleged receipt of his original request, he has satisfied the requirements of § 3582, and this Court may now consider his Motion on the merits. *See United States v. Harris*, 973 F.3d 170, 171 (3d Cir. 2020). Notwithstanding Acosta's failure to provide proof of submitting his request, and without direction from the Fifth Circuit to the contrary, the Court declines to follow Acosta's interpretation of § 3582(c)(1)(A). *See, e.g.*, *United States v. Ward*, No. 1:17-cr-68-LG-JCG, 2020 WL 4032245, at *1 (S.D. Miss. July 16, 2020); *United States v. Allen*, No. 1:15-cr-36-HSO-RHW, 2020 WL 3159180, at *3 (S.D. Miss. June 12, 2020); *see also United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020).